684 A.2d 640

**COMMONWEALTH of Pennsylvania**

v.

**Edmund PRICE, Appellee.**

Superior Court of Pennsylvania.

Argued June 25, 1996.

Filed Oct. 30, 1996.

Karen A. Brancheau, Assistant District Attorney, Philadelphia, for Com., appellant.

Kathleen A. Martin, Philadelphia, for appellee.

Before DEL SOLE, TAMILIA and BROSKY, JJ.

DEL SOLE, Judge:

The Commonwealth appeals an order refusing to lift a nolle prosequi in this aggravated assault case. We reverse the trial court's order and remand for trial.

Appellee Eugene Price was charged with aggravated assault, recklessly endangering another person, possessing an instrument of crime and firearms violations. During a fight, Price shot Donald Williams in the leg and face. Williams' mother and brother witnessed the shooting.

At the preliminary hearing on February 2, 1994, only Williams' brother testified and Price was held for court. On February 23, 1994, the Defender Association was appointed to represent Price. In April, the case was continued because the trial judge was attending a funeral. In May, the Defender Association withdrew. In June, Attorney Lee Mandell was appointed. The case was continued twice in July because the trial judge was hearing another case. On August 4, 1994, the court heard evidence on and denied Price's suppression motion. On August 26, Mandell was permitted to withdraw.

Present counsel entered his appearance and a brief hearing was held on September 9, 1994. By this time, Williams had been arrested on an unrelated homicide charge. Present counsel was also representing Williams. The prosecutor so advised the court and also advised the court that only one of his three witnesses was available, Williams being in custody on the homicide and his mother being in the hospital. The case was continued. In October and November, the case was continued because defense counsel was in trial on other cases. On January 4, 1995, the Commonwealth's witnesses were not ready. Also, the trial judge stated that he had been told that counsel would advise Williams not to testify "because he is fearful that he will be labeled an aggressor in this case against Edmund Price, and that that aggression will endure to his detriment [in] the death penalty [case]." [1]  N.T. 1/4/95 at p. 2. The trial judge then raised the issue which is the core of this appeal: whether the district attorney has a conflict of interest when the victim in one case is a defendant in another unrelated case. Trial was continued until January 30 at 11:30 a.m. The trial judge called the case early, stated that he had disqualified the district attorney's office from the case and dismissed the charges.[2]

We must first determine whether this appeal is properly before this court. Generally, when criminal charges are dismissed, the Commonwealth can simply refile the charges and therefore an appeal from such an order is interlocutory. *Commonwealth v. Waller*, 453 Pa.Super. 36, 682 A.2d 1292 (1996). As stated in *Waller*, the determination of whether a dismissal of criminal charges is a final order for purposes of appeal depends on the reason behind the order. If the defect which prompted the dismissal is curable, the appeal is interloc-

1. At this time, defense counsel represented both Williams and Price. Thus, it is not clear which client was intended to benefit from this advice. The question is now moot as counsel no longer represents Williams.

2. Although the judge originally stated he was dismissing the charges with prejudice, the order entered on the docket states that the case is nolle prossed without prejudice. Thus, the Commonwealth filed a petition to lift the nolle prosse which the trial court denied.

utory. If the defect is incurable, then the order is final and the appeal is proper. *Id.*

Appellee argues that the order is interlocutory and, at first glance, it appears as if the district attorney's office could, in this case, simply refile the charges. The trial judge did state that the Commonwealth was not ready to proceed to trial and if the charges had been dismissed solely because the witnesses were not present this appeal would be interlocutory as the Commonwealth could cure the defect by refiling the charges. *Id.*

However, even though the trial court never entered an order specifically disqualifying the district attorney's office from prosecuting the case, it is clear from the trial judge's opinion that the primary reason for dismissal was his belief that a conflict of interest existed. If, in fact, a conflict exists which would preclude the district attorney's office from prosecuting this case, that conflict would not disappear upon refiling of the charges. Furthermore, because a judge of the common pleas court has now ruled that such a conflict exists, no other judge would have the power to overrule that decision if the district attorney's office would refile the charges. *Commonwealth v. Rodgers*, 413 Pa.Super. 498, 605 A.2d 1228 (1992) (judges of coordinate jurisdiction sitting in the same court on the same case may not overrule each other's decisions). Thus, the defect is not curable by the Commonwealth and this appeal is proper.

We are unable to find support for the trial judge's determination that the district attorney should not prosecute this case because of a conflict of interest. The district attorney is not an advocate in the ordinary sense of the word as his role is to seek justice rather than to advocate the particular position of a particular client. *Commonwealth v. Miller*, 281 Pa.Super. 392, 422 A.2d 525 (1980). The prosecutor's duty is to vindicate the interest of the Commonwealth not the interest of any particular individual. The injury for which the Commonwealth seeks redress is the injury done to the Commonwealth and not the injury done to the individual. *Common-*

*wealth v. Malloy,* 304 Pa.Super. 297, 450 A.2d 689 (1982). The victim in a criminal case is only a witness; he is not the "client" of the district attorney. The prosecutor's "client" is the Commonwealth and the people who live in the Commonwealth. Thus, the fact that the victim in one case is also a defendant in another unrelated case is irrelevant. In fact, it would be both legally and morally wrong for the prosecutor to refuse to prosecute a serious aggravated assault simply because the victim is not an upstanding citizen with no criminal record. A criminal offense is an offense against *all* the people of the Commonwealth and should not be ignored or forgiven because the victim is also facing criminal charges in some unrelated case. The Commonwealth cannot pick and choose its victims in the same way as a civil attorney might accept one plaintiff's case and reject another's.

We do not see *Commonwealth v. Eskridge,* 529 Pa. 387, 604 A.2d 700 (1992) as authorizing disqualification. In *Eskridge,* the District Attorney's private law firm represented the victim in a civil suit arising out of the same incident as the criminal charges. The conflict arose from this dual representation. There is no similar dual representation in the present case. Williams is the victim in one case and the defendant in another case but in neither case is he represented by the district attorney's office.

Neither Appellee nor the trial court has cited any case law to support the position that the district attorney's office should not prosecute this case. We therefore hold that there is no conflict of interest precluding the district attorney from prosecuting a case in which the victim has been charged with unrelated criminal offenses.

Appellee alternatively suggests that the trial court's decision should be upheld as a vindication of his speedy trial rights. However, Appellee never requested the trial court to dismiss the charges on this basis and no record has been developed to support such a discharge. Moreover, as can be seen from the docket entries recounted above, most of the

continuances in this case were attributable either to Appellee or the court, not to the district attorney's office.

Order reversed. Case remanded for trial.