COMMONWEALTH of Pennsylvania,
Appellant,

v.

George Mitchell MACDOUGALL,
Appellee.

Superior Court of Pennsylvania.

Argued Sept. 9, 2003.
Filed Dec. 16, 2003.
Reargument Denied Feb. 25, 2004.

David P. Johnson, Asst. Dist. Atty., Lewisburg, for Com., appellant.

Peter T. Campana, Williamsport, for appellee.

Before: DEL SOLE, P.J., FORD ELLIOTT and KELLY, JJ.

DEL SOLE, P.J.

¶ 1 This is an appeal by the Commonwealth from a trial court order granting the defendant's motion to withdraw a guilty plea.

¶ 2 Following negotiations and the entry of a plea agreement, Appellee pled guilty to criminal conspiracy to commit burglary, robbery, aggravated assault and theft by unlawful taking. Prior to sentencing Appellee sought to withdraw his plea, alleging that he was innocent, that he was pressured to enter the plea agreement by his mother and then counsel and that he no longer wished to abide by the terms of the agreement which required him to testify against his friends in their upcoming trials. The trial court denied his motion. Prior to the trials of Appellee's co-defendants, the court imposed sentence on Appellee. In addition to imposition of a term of imprisonment of 24 to 240 months, and on the request of the Commonwealth, the sentence also included a period of probation to follow the period of imprisonment and parole. As a condition of probation Appellee was directed to provide truthful testimony in the prosecution of others involved in the criminal conduct charged. Following sentencing Appellee timely sought to withdraw his guilty plea challenging the court's denial of his pre-sentence motion to withdraw, the validity of his plea and the legality of the sentence imposed. Upon consideration of Appellee's post-sentence motion, the court accepted his claim that the plea agreement never contemplated that, as a condition of probation, he would be required to testify against his co-conspirators. The trial court concluded that the agreement did not provide that Appellee's future trial testimony would be a condition of probation and that the imposition of this additional punishment violated the plea agreement thus necessitating a grant of Appellee's motion to withdraw his guilty plea.[1] The Commonwealth subsequently filed this appeal.

¶ 3 Initially we consider the appealability of the order permitting the withdrawal of Appellee's plea. The Commonwealth in its notice of appeal certifies, pursuant to Pa.R.A.P. 311(d), that the trial court's order will terminate or substantially handicap the prosecution of the matter. Although the Commonwealth "certifies" that it has been prejudiced by the court's ruling because absent a plea "it would not be able to make its case against the Appellee," Appellant's Brief at 7, and that it has "no admissible proof with which to meet its burden of proof," *id.* at 9, the court's ruling does not impact on the availability of evidence the Commonwealth can offer in support of its case. Appellant's "certification" under Pa.R.A.P. 311(d) that its case will be "substantially handicapped," is of no consequence where the order at issue does not limit or admit evidence admissible at trial. *See Commonwealth v. Shearer,* 828 A.2d 383 (Pa.Super.2003), (finding certification alone does not automatically create jurisdiction; rather the Commonwealth has a right to challenge a pre-trial ruling that circumscribes the quantum of evidence it might adduce at trial). In this case, any limitation on the quantity or quality of evidence possessed by the Commonwealth is of the Commonwealth's own making and not as a result of the trial court's ruling.

¶ 4 However, the order in this matter was entered post-sentencing, which is akin to the award of a new trial. *See Commonwealth v. Burno,* 310 Pa.Super. 564, 456 A.2d 1080 (1983) and *Commonwealth v. Nelson,* 319 Pa.Super. 66, 465 A.2d 1056 (1983). Interlocutory appeals as of right are permitted from orders in crim-

---

1. The trial court acknowledged that while Appellee's expected truthful testimony against his co-conspirators was perhaps "the 'essence' of the bargain," the Commonwealth did not opt to rescind the agreement, but instead requested that the court impose this requirement as a condition of probation. Trial Court Opinion, 11/19/02, at 6.

inal proceedings awarding a new trial where the Commonwealth claims that the lower court committed an error of law. Pa.R.A.P. 311. Because this is the posture of the case presented before us, it is proper for us to review the trial court's actions.

¶ 5 Upon examination of the claims presented by the Commonwealth, we find no reason to disturb the trial court's ruling. The trial court, in its opinion dated November 19, 2002, details the relevant facts, applies the appropriate standard in reviewing Appellee's motion and provides sound reason in support of its conclusion that Appellee should be permitted to withdraw his plea. The Commonwealth argues that the court failed to consider the substantial prejudice it will suffer as a result of permitting the withdrawal, yet it fails to identify any relevant prejudice. The Commonwealth simply reasserts that it is "unable to make its case." Appellant's Brief at 20. It remarks: "There can be no greater prejudice." *Id.* The relevant strength of the Commonwealth's case is not a question of prejudice absent evidence that the Commonwealth relied upon the plea to its detriment. The Commonwealth does not allege a certain set of circumstances has developed after entry of Appellee's plea which now will hinder or prevent it from bringing forth evidence in the prosecution of Appellee. *Compare Commonwealth v. Ross,* 498 Pa. 512, 447 A.2d 943 (1982) (where the Commonwealth demonstrated that it had dismissed key Commonwealth witnesses in reliance on the plea); *Commonwealth v. Cole,* 387 Pa.Super. 328, 564 A.2d 203 (1989) (where Commonwealth's key witness had left the jurisdiction after the guilty plea had been accepted). Rather, the Commonwealth simply asserts that it has no evidence against Appellee to prosecute him; thus it needs his plea to stand as it is the only means of a conviction. We find the Com-

monwealth has failed to demonstrate, much less assert, that it would suffer substantial prejudice. *See Commonwealth v. Goodenow,* 741 A.2d 783 (Pa.Super.1999).

¶ 6 Accordingly, we affirm the order permitting the withdrawal of Appellee's guilty plea.

¶ 7 Order affirmed.