J-S31042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BANGALEE SARNOR | : | No. 115 EDA 2023 |

Appeal from the Order Entered December 1, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001269-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BANGALEE SARNOR | : | No. 200 EDA 2023 |

Appeal from the Order Entered December 15, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001269-2022

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED DECEMBER 21, 2023**

The Commonwealth of Pennsylvania appeals from the order granting Bangalee Sarnor's motion to withdraw his guilty plea *nunc pro tunc*, withdrawing his guilty plea, and vacating his judgment of sentence, and the order granting his petition for allowance to file a post-sentence motion *nunc*

*pro tunc*.[1] We conclude the court should have treated the motions, and a prior *pro se* motion, as Post Conviction Relief Act ("PCRA")[2] petitions and appointed new counsel. We therefore vacate the orders and remand for further proceedings.

In July 2022, following a colloquy, Sarnor pled guilty to strangulation. **See** 18 Pa.C.S.A. § 2718(a)(1). Sarnor signed and initialed the guilty plea statement and the statement of post-sentence rights. The court imposed a sentence of nine to 23 months' incarceration and three years' probation.

In September 2022, Sarnor sent the court a *pro se* motion stating he was facing deportation and asking it to allow him to enter a different plea. He stated he entered the guilty plea "under circumstances of fear, [his] life was in danger in Delaware County, and [he] was depressed and under pressure." *Pro se* Filing, dated Sept. 23, 2022. He further stated that he had lived in the United States for over 21 years and had five children that he supported. The court docketed this motion and forwarded it to trial counsel.

In October 2022, Sarnor's trial counsel filed a motion to withdraw guilty plea *nunc pro tunc*. It alleged Sarnor contended he was not "in the right frame of mind" when he entered the guilty plea because he had been suffering from depression and "felt pressured to enter said plea due to being in fear for his life." Motion to Withdraw Guilty Plea *Nunc Pro Tunc*, filed Oct. 5, 2022.

---

[1] The order granting the petition for allowance to file a post-sentence motion was filed after the order granting the motion to withdraw the guilty plea.

[2] 42 Pa.C.S.A. §§ 9541-9546.

In November, the court held a hearing on the motion. Following the hearing, counsel filed a petition to file post-sentence motions *nunc pro tunc*. In it, counsel asserted it was "clear from the guilty plea colloquy that [Sarnor] believed he was being given a second 'chance to be a better and productive citizen.'" Petition for Allowance to File Post Sentence Motion *Nunc Pro Tunc*, filed Nov. 28, 2022. He noted United States Immigration and Customs Enforcement had lodged a detainer against Sarnor after he had served his minimum sentence. Sarnor argued he had shown sufficient cause to proceed *nunc pro tunc*.

The court entered an order on December 1, 2022, granting the motion to withdraw the guilty plea *nunc pro tunc*. In the order, the court withdrew the guilty plea and vacated the judgment of sentence. The Commonwealth filed a motion to reconsider the order, which the court denied. The Commonwealth filed a notice of appeal of the December 1 order.

Subsequently, on December 15, 2022, the court entered an order granting Sarnor's petition to file post-sentence motions *nunc pro tunc*. The Commonwealth also appealed this order.[3]

The Commonwealth raises the following issues:

---

[3] The Commonwealth's initial Notice of Appeal listed both the December 1, 2022, and December 15, 2022, orders. However, it subsequently filed a timely second appeal of the December 15 order. We therefore will consider the initial Notice of Appeal as an appeal of the December 1 order.

- 3 -

Did the lower court err by considering and granting [Sarnor's] untimely *nunc pro tunc* request to file a post sentence motion?

Did the lower court abuse its discretion by granting [Sarnor's] post sentence motion to withdraw his guilty plea when [Sarnor] failed to demonstrate manifest injustice and where the basis of the lower court's grant was not even an argument advanced by [Sarnor]?

Does this Court have proper jurisdiction pursuant to Rule 313 to consider the issue presented in Question 1?

Commonwealth's Br. at 4 (suggested answers omitted).

Before we can address the merits of the Commonwealth's appeals, we must determine whether we have jurisdiction. We conclude that we do.

We first address our jurisdiction of the appeal of the December 1 order granting the motion to withdraw the guilty plea *nunc pro tunc*. Under Appellate Rule 311(a)(6), the Commonwealth may take an appeal as of right from an interlocutory order where the order "award[s] a new trial" and "the Commonwealth claims that the trial court committed an error of law." Pa.R.A.P. 311(a)(6). We have concluded that the grant of a post-sentence motion to withdraw a guilty plea is "akin to the award of a new trial." **Commonwealth v. MacDougall**, 841 A.2d 535, 536 (Pa.Super. 2004) (finding order granting a post-sentence motion to withdraw a guilty plea was "akin to the award of a new trial," and gives rise to an interlocutory appeal as of right where the Commonwealth claims the trial court committed an error of law). Here, the order grants a post-sentence motion to withdraw a guilty plea and the Commonwealth contends the trial court committed an error of law. Accordingly, the Commonwealth has the right to an interlocutory appeal of the

- 4 -

order granting the motion to withdraw the guilty plea *nunc pro* tunc. **See** Pa.R.A.P. 311(a)(6); **MacDougall**, 841 A.2d at 536.

We further conclude we have jurisdiction to address the subsequent order granting the petition for allowance to file a post-sentence motion *nunc pro tunc*. The order granted relief available under the PCRA, that is, after the judgment became final, the order granted permission to file a post-sentence motion *nunc pro tunc*. **Commonwealth v. Fantauzzi**, 275 A.3d 986, 995 (Pa.Super. 2022) (stating "regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA"); **Commonwealth v. Liston**, 977 A.2d 1089, 1094 n.9 (Pa. 2009) (noting "[i]f a defendant successfully pleads and proves that he was deprived of the right to file and litigate [post-sentence] motions as a result of the ineffective assistance of counsel, a PCRA court is free to" reinstate the defendant's right to file post-sentence motions). If the trial court had properly addressed the petition as a PCRA petition, the order granting relief thereon would have been appealable as a final order. **See** Pa.R.A.P. 341(a); Pa.R.Crim.P. 910.

We next consider whether the court erred in granting the post-sentence motion to withdraw the guilty plea *nunc pro tunc* and the petition for allowance to file a post-sentence motion *nunc pro tunc*. We conclude that the trial court should have treated Sarnor's untimely *pro se* motion as a PCRA petition and appointed new counsel. We therefore conclude it erred in entering the orders addressing the subsequent motions without applying the PCRA.

"[T]he PCRA is intended to be the sole means of achieving post-conviction relief," and "[i]ssues that are cognizable under the PCRA must be raised in a timely PCRA petition[.]" **Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa.Super. 2013); 42 Pa.C.S.A. § 9542. We have previously held that "an untimely post-sentence motion filed after finality of judgment is to be treated as a PCRA petition." **Taylor**, 65 A.3d at 467. "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, Sarnor did not file a post-sentence motion within 10 days of the judgment of sentence and did not file an appeal within 30 days of the judgment. His judgment of sentence therefore became final on August 13, 2022, when his time to file a direct appeal expired. Because his *pro se* motion challenging his guilty plea was filed after his judgment of sentence became final, and the issues raised are cognizable under the PCRA, the court should have treated the *pro se* motion as a PCRA petition. **See Taylor**, 65 A.3d at 467-68.

Further, because it was a first PCRA petition, the court should have appointed new counsel. **See Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa.Super. 2009) (*en banc*) (stating defendant has a right to counsel for purposes of litigating a first PCRA petition); Pa.R.Crim.P. 904(C) ("Except as provided in paragraph (H), when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the

judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief"). New counsel was needed because trial counsel cannot allege his or her own ineffectiveness and, therefore, if any ground for PCRA relief rested on ineffectiveness, trial counsel could not raise it. **Commonwealth v. Bradley**, 261 A.3d 381, 398 (Pa. 2021) (stating "counsel cannot argue his or her own ineffectiveness"). Accordingly, we conclude the trial court erred in failing to treat Sarnor's *pro se* motion as a PCRA petition and failing to appoint new counsel.

We acknowledge that the trial court granted the subsequent motions filed by counsel. However, it failed to treat the motions, which also were filed after judgment became final, as PCRA petitions, and the standards applied to PCRA petitions differ from those that apply to post-sentence motions or *nunc pro tunc* requests granted within 30 days of the judgment of sentence. **Compare Liston**, 977 A.2d at 1094 n.9 (stating that to be entitled to PCRA relief on a request to reinstate right to file post-sentence motions, defendant must "successfully plead[] and prove[] that he was deprived of the right to file and litigate said motions as a result of the ineffective assistance of counsel"), **with Commonwealth v. Dreves**, 839 A.2d 1122, 1128 (Pa.Super. 2003) (*en banc*) ("To be entitled to file a post-sentence motion *nunc pro tunc*, a defendant must, within 30 days after the imposition of sentence, demonstrate sufficient cause, *i.e.*, reasons that excuse the late filing"); **see also Commonwealth v. Kehr**, 180 A.3d 754, 756-57 (Pa.Super. 2018) (stating, "defendant must demonstrate that manifest injustice would result if

the court were to deny his post-sentence motion to withdraw a guilty plea" and "[m]anifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily" (citation omitted)). It was error to review the issues under any standard but the PCRA standard.

In sum, the trial court should have treated Sarnor's *pro se* motion as a PCRA petition and appointed counsel, and erred by not doing so. It further erred in failing to treat the counseled motions as PCRA petitions. We therefore vacate the orders addressing the counseled motions and remand for the appointment of PCRA counsel, who can then file an amended PCRA petition.

Orders vacated. Guilty plea and judgment of sentence reinstated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/21/2023