J-A11001-24

2024 PA Super 143

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DEANDRE M. GHEBREMICHAEL | : | No. 915 MDA 2023 |

Appeal from the Order Entered June 6, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0002213-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DEANDRE MATTHEW | : | No. 916 MDA 2023 |
| GHEBREMICHAEL | : | |

Appeal from the Order Entered June 6, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0002466-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DEANDRE M. GHEBREMICHAEL | : | No. 917 MDA 2023 |

Appeal from the Order Entered June 6, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0002476-2021

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
DEANDRE MATTHEW : No. 918 MDA 2023
GHEBREMICHAEL :

Appeal from the Order Entered June 6, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000958-2022

BEFORE: BOWES, J., STABILE, J., and MURRAY, J.

OPINION BY BOWES, J.: **FILED: JULY 12, 2024**

The Commonwealth of Pennsylvania has appealed from the order entered in the above-captioned cases granting the pre-sentence motion to withdraw guilty plea filed by Appellee Deandre Matthew Ghebremichael. As we conclude that the order is not appealable, we are constrained to quash.

Given our disposition, we need not review the history of the case in detail. Briefly, Appellee was charged with a variety of offenses, including robbery, simple assault, and resisting arrest, involving multiple different victims. He elected to enter a global guilty plea agreement, which the trial court accepted. The court scheduled sentencing to follow a pre-sentence investigation report. Days before the sentencing hearing, Appellee filed a counseled motion to withdraw his plea. Therein, he averred that he entered the plea based upon the advice of his relatives who were unaware of all the attendant facts, and that he no longer believed that pleading guilty was in his

- 2 -

best interests. ***See*** Motion for the Withdrawal of Guilty Plea, 5/12/23, at ¶¶ 2-4. The parties appeared for the scheduled sentencing hearing on May 16, 2023, at which time the court directed the Commonwealth to file a response to the motion. The Commonwealth complied, observing that Appellee neither made any claim of innocence, let alone a plausible one,[1] nor asserted another fair and just reason for the withdrawal, such that his plea was involuntary. ***See*** Response to Motion to Withdraw Guilty Plea, 5/22/23, at ¶¶ 11-14.

On June 6, 2023, the trial court entered an order indicating that neither Appellee nor the Commonwealth "established an entitlement to the grant or denial of the Motion" to withdraw the plea. ***See*** Order, 6/6/23 (citing ***Commonwealth v. Carsaquillo***, 115 A.3d 1284 (Pa. 2015)). Nonetheless, the court granted Appellee's withdrawal request "out of an abundance of caution." ***Id***. On June 30, 2023, the Commonwealth filed notices of appeal from the order at each implicated docket number, certifying that the ruling substantially handicapped the prosecution.

This Court *sua sponte* consolidated the four appeals and, noting that Appellee's plea counsel had been granted permission to withdraw, directed substituted counsel to enter his appearance in this Court. Briefing was

---

[1] The Commonwealth further noted that, even if Appellee had proffered a proper reason to withdraw the plea, the request should be denied because the Commonwealth would be prejudiced because the multiple victims in the cases "rightfully believe that these matters are resolved and should not be drug [*sic*] into court merely because [Appellee] suddenly changed his mind." Response to Motion to Withdraw Guilty Plea, 5/22/23, at 4 n.1.

completed and this Court entertained oral argument, which, based upon this Court's questioning, largely focused on our jurisdiction over this appeal.

The Commonwealth's asserted jurisdictional basis was Pa.R.A.P. 311(d), which provides that an appeal may be taken as of right "from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d). In that vein, the Commonwealth maintains that "convincing victims/witnesses to again cooperate with the cases place[d] the Commonwealth in a substantially worse position than it had been in before the guilty pleas were withdrawn." Commonwealth's brief at 11 (unnecessary capitalization omitted).

We have observed that, "while the Commonwealth's good faith certification under Rule 311(d) is entitled to some deference, this Court need not accept its good faith certification in every case." *Commonwealth v. McKnight*, 305 A.3d 582, 586 (Pa.Super. 2023) (cleaned up). We do not delve into the certification where the order excludes or suppresses the Commonwealth's evidence or has the practical effect of doing so. *Id*. at 586-87 (collecting cases). Our Supreme Court has also identified other categories of non-evidentiary issues that handicap the prosecution, such as an order disclosing the subject of a grand jury investigation or denying the Commonwealth a jury trial after the court denied a motion to recuse. *See*

*Commonwealth v. Pownall*, 278 A.3d 885, 900 (Pa. 2022) (collecting cases).

However, we rejected a Rule 311(d) certification in the context of an order permitting the defendant to withdraw a post-sentence guilty plea in *Commonwealth v. MacDougall*, 841 A.2d 535 (Pa.Super. 2003). In that case, the Commonwealth claimed that its prosecution was handicapped because "absent a plea it would not be able to make its case against the [a]ppellee, and that it has no admissible proof with which to meet its burden of proof[.]" *Id*. at 536. We refused to accept the Commonwealth's certification as a basis for our jurisdiction, noting that "any limitation on the quantity or quality of evidence possessed by the Commonwealth is of the Commonwealth's own making and not as a result of the trial court's ruling." *Id*. Nonetheless, we held that we had jurisdiction over the appeal because, as the order was entered after sentencing, it was "akin to the award of a new trial," which is appealable as of right pursuant to Rule 311(a)(6). *Id*. at 536-37.

The instant case involves a pre-sentence plea withdrawal, which is not similar to the grant of a new trial. Indeed, we have quashed as unappealable a Commonwealth appeal from an order granting a motion to withdraw a plea pre-sentence because it was not "akin to the award of a new trial, as such a withdrawal after sentencing would be." *Commonwealth v. Wise*, 477 A.2d 552, 553 (Pa.Super. 1984).

The only instance we have located of this Court examining the merits of the Commonwealth's challenge to an order permitting the pre-sentence withdrawal of a guilty plea is *Commonwealth v. Clark*, 500 MDA 2023, 2024 WL 457720 (Pa.Super. Feb. 6, 2024) (non-precedential decision). There, though, the Commonwealth did not purport to appeal as of right pursuant to Rule 311(b), but rather requested and was granted permission to appeal pursuant to Pa.R.A.P. 1311(a)(1). The Commonwealth could have pursued that path in the instant case but did not.

We can imagine that there might be circumstances in which the Commonwealth could obtain review of an order granting a pre-sentence motion to withdraw a plea. For example, if the Commonwealth established that after the defendant entered his plea, a witness had died or otherwise became unavailable, or evidence had been destroyed through no fault of the Commonwealth, an argument could be made that the order allowing the withdrawal had the practical effect of depriving the Commonwealth of evidence critical to proving its case. *Accord Commonwealth v. Matis*, 710 A.2d 12, 18 (Pa. 1998) ("An order denying a motion for a continuance to secure the presence of a necessary witness has the same practical effect of an order suppressing or excluding evidence.").

However, here the Commonwealth asserts not that the victims are no longer available to testify as witnesses, but that they will have to be convinced "to again cooperate with the cases." Commonwealth's brief at 10. We decline

to hold that the burden of re-enlisting witnesses, and the speculation that the victims may be reluctant to testify out of fear of Appellee, rises to the level of a substantial handicap supporting a Rule 311(d) appeal. ***Accord Pownall***, 278 A.3d at 901 (holding the Commonwealth had no appeal as of right from order denying a pretrial motion *in limine* concerning a jury instruction impacting its burden of proof because the prosecution's "asserted substantial handicap is constructed on layer after layer of speculation and 'what ifs.' Rule 311(d) requires more.").

Since we conclude that the Commonwealth has not established that the appealed-from order substantially handicapped the prosecution of these cases, Rule 311(d) does not confer jurisdiction upon us to consider the merits of this appeal. Accordingly, we must quash it for want of jurisdiction.

Appeal quashed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/12/2024