J-A13014-24

2024 PA Super 226

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KERI ANN MYERS | : | No. 1195 WDA 2023 |

Appeal from the Order Entered September 5, 2023
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0004435-2021

BEFORE:  OLSON, J., SULLIVAN, J., and BENDER, P.J.E.

OPINION BY OLSON, J.:                    **FILED: September 30, 2024**

The Commonwealth of Pennsylvania appeals from the order entered on September 5, 2023, which essentially dismissed the charges filed against Keri Ann Myers ("the Defendant").  We vacate and remand.

On October 31, 2021, the Defendant was arrested for driving under the influence ("DUI") and failing to stop at a red traffic signal.[1]  On December 8, 2021, the Westmoreland County District Attorney's office offered the Defendant admission into the accelerated rehabilitative disposition ("ARD") program and, on February 9, 2022, the trial court approved the Defendant's admission into the program for a period of 12 months.  Trial Court Order, 2/9/22, at 1.  The Defendant later agreed to extend her ARD supervision "for

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1) and 3112(a)(3)(i), respectively.

a period of 12 months, effective [February 9, 2023], . . . in order for her to complete all remaining conditions." Trial Court Order, 1/25/23, at 1.

On March 23, 2023, the Commonwealth filed a petition to revoke the Defendant's participation in ARD ("Petition to Revoke"). Within this petition, the Commonwealth alleged that the Defendant committed the following violations of the ARD program: 1) the Defendant was charged with criminal trespass and disorderly conduct, for an incident that occurred on March 15, 2023; 2) the Defendant was charged with aggravated assault and resisting arrest, for an incident that occurred on March 15, 2023; 3) the Defendant failed to complete her required drug and alcohol treatment; 4) the Defendant failed to complete her required alcohol highway safety school; and, 5) the Defendant paid almost none of the court ordered costs, fines, or fees. Commonwealth's Petition to Revoke, 3/23/23, at 1-2.

On September 5, 2023, the trial court held a hearing on the Commonwealth's Petition to Revoke. During this hearing, the Commonwealth presented evidence that, while the Defendant was in the ARD program: the Defendant committed and was charged with criminal trespass and disorderly conduct at Docket Number CP-65-CR-0001135-2023 ("Docket Number 1135-23"); and, the Defendant committed, was charged with, and pleaded guilty to aggravated assault and resisting arrest at Docket Number CP-65-CR-0001136-2023 ("Docket Number 1136-23") and was sentenced to serve an aggregate term of three to 23 months in jail. *See* N.T. Hearing, 9/5/23, at 2.

At the revocation hearing, however, there was some confusion as to whether a different trial judge indicated that the Defendant "was supposed to get time served" at the current docket number, for a sentence imposed at a different docket number. ***See id.*** at 11. In the end, the trial court stated: "All right. Here's what I'm going to do: I'm not going to violate the ARD. I'm going to close interest in the case at [the current docket number]." ***Id.*** at 11.

Eleven minutes later, the Commonwealth recalled the Defendant's case to clarify that the Defendant never entered a guilty plea at the current docket number. ***Id.*** at 11-12. The Commonwealth further declared it objected to the fact the trial court "closed interest" in the case and essentially found that the Defendant had successfully completed her ARD program. ***Id.*** at 12. The trial court considered the Commonwealth's objection to be a motion to set aside its earlier order. ***Id.*** at 14. The trial court then denied the Commonwealth's motion, declaring: "I just closed interest in [the current case] to make the process a little more streamlined so we could just deal with" Appellant's other two criminal cases at Docket Number 1135-23 and Docket Number 1136-23. ***Id.***

The Commonwealth filed a timely notice of appeal from the trial court's order. It raises one claim to this Court:

> The trial court . . . exceeded the bounds of its statutorily
> limited discretion when it declined to find the [Defendant],
> who failed to satisfy the requirements codified at [75
> Pa.C.S.A. § 3807] and who had obtained numerous criminal
> convictions while in the program, in violation of ARD and
> immediately closed interest in her case.

- 3 -

Commonwealth's Brief at 7.

As we have explained, prior to reaching the merits of any appeal, this Court must "first ascertain whether the [order appealed from] is properly appealable." ***Commonwealth v. Borrero***, 692 A.2d 158, 159 (Pa. Super. 1997). Indeed, since "the question of appealability implicates the jurisdiction of this Court[, the issue] may be raised by [this] Court *sua sponte*." ***Commonwealth v. Baio***, 898 A.2d 1095, 1098 (Pa. Super. 2006).

In general, this Court's jurisdiction "extends only to review of final orders." ***Rae v. Pa. Funeral Dirs. Ass'n***, 977 A.2d 1121, 1124-1125 (Pa. 2009); 42 Pa.C.S.A. § 742; Pa.R.A.P. 341(a). A "final order" is one that "disposes of all claims and of all parties." Pa.R.A.P. 341(b); ***see also Commonwealth v. Wise***, 477 A.2d 552, 553 (Pa. Super. 1984) ("[a]n order is a 'final order,' so as to be appealable, if it ends the litigation or disposes of the entire case"). With respect to Commonwealth appeals of final, criminal orders, "[a]n appeal may be taken by the Commonwealth from any final order in a criminal matter only in the circumstances provided by law." Pa.R.A.P. 341(e).

As we have explained:

> Generally, when criminal charges are dismissed, the Commonwealth can simply refile the charges and therefore an appeal from such an order is interlocutory. ***Commonwealth v. Waller***, 682 A.2d 1292 (Pa. Super. 1996). As stated in ***Waller***, the determination of whether a dismissal of criminal charges is a final order for purposes of appeal depends on the reason behind the order. If the defect which prompted the dismissal is curable, the appeal is

interlocutory. If the defect is incurable, then the order is final and the appeal is proper.

***Commonwealth v. Price***, 684 A.2d 640, 641 (Pa. Super. 1996).

The Defendant was in the ARD program when the trial court *sua sponte* "closed interest" in the case. In doing so, the trial court essentially concluded that the Defendant successfully completed the ARD program and dismissed the charges against her. ***See*** Pa.R.Crim.P. 319 (describing the procedure for obtaining an order of dismissal for successfully completing the ARD program). This order is final and appealable, as it constituted an "incurable" dismissal of the charges against the Defendant, which "terminated the Commonwealth's prosecution" of the charges against her. ***See Commonwealth v. Boos***, 620 A.2d 485, 487 n.5 (Pa. 1993). Therefore, we may consider whether the trial court erred in essentially concluding that the Defendant successfully completed the ARD program and dismissing the charges against her. Specifically, the Commonwealth claims, the trial court erred when it "determined that [the Defendant] had successfully completed the terms of the [ARD] program and was entitled to [dismissal]" of charges, since "[t]his issue was not before the [trial] court and is unsupported by the record." Commonwealth's Brief at 13. We agree with the Commonwealth.

Pennsylvania Rule of Criminal Procedure 319 sets forth the "procedure for obtaining [an] order for dismissal upon successful completion of the [ARD] program." Rule 319 declares:

> When the defendant shall have completed satisfactorily the program prescribed and complied with its conditions, the defendant may move the court for an order dismissing the

charges. This motion shall be supported by affidavit of the defendant and by certification of the agency or person charged with supervising the defendant's program, if any. A copy of the motion shall be served on the attorney for the Commonwealth who shall within 30 days after service advise the judge of any objections to the motion, serving a copy of such objections on the defendant or the defendant's attorney. If there are no objections filed within the 30-day period, the judge shall thereafter dismiss the charges against the defendant. If there are objections filed with regard to the dismissal of charges, the judge shall proceed as set forth in Rule 318.

Pa.R.Crim.P. 319.

When the trial court granted the Defendant relief in this case, the trial court did so *sua sponte*. The September 5, 2023 hearing was scheduled in response to the Commonwealth's **Petition to Revoke** the Defendant's ARD – and a request for an order dismissing the charges was simply not before the court that day. Further: the Defendant never filed a motion "for an order dismissing the charges;" the Defendant did not support the motion with an affidavit; there was no evidence that the Defendant satisfactorily completed the ARD program or complied with its conditions; the Defendant did not serve a copy of any motion on the attorney for the Commonwealth; and, the Commonwealth was not given 30 days to object to the motion. ***See*** Pa.R.Crim.P. 319. Given these procedural irregularities and substantive deficiencies, we conclude that the trial court erred when it *sua sponte* "closed interest" in the case, thus resulting in an order that has the practical effect of dismissing the charges against the Defendant based upon her "successful

- 6 -

completion" of the ARD program. Therefore, we must vacate the trial court's order in this case.[2]

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 09/30/2024

_____

[2] The Commonwealth also claims that the trial court erred when it "declin[ed] to find [the Defendant] in violation of ARD." **See** Commonwealth's Brief at 8. Given our disposition in this case, we do not have jurisdiction to consider this aspect of the Commonwealth's claim, "as acceptance into – and termination of – the ARD program is an interlocutory matter." **See Horn**, 172 A.3d at 1138; **see also Commonwealth v. Worzel**, 297 A.3d 734 (Pa. Super. 2023) (non-precedential decision) at 1-3 (quashing the Commonwealth's appeal from the order denying its petition to terminate the defendant's participation in the ARD program, as the order is interlocutory).